(C.D. 3086)

PARKSMITH CORP. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided August 16, 1967)

*Siegel, Mandell & Davidson* for the plaintiff.
*Carl Eardley*, Acting Assistant Attorney General, for the defendant.

Before RICHARDSON and LANDIS, Judges

LANDIS, Judge: Counsel have submitted this case on the following stipulation:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the plaintiff and the Assistant Attorney General for the United States:

That the items marked "S", and checked RS (Comm. Spec's Initials) by Commodity Specialist Rubin Sokoloff (Comm. Spec's Name) on the invoices covered by the protests enumerated above, assessed with duty at various rates as tableware, under the provisions of paragraph 212, Tariff Act of 1930, as modified according to the dates of entry of the merchandise, and claimed to be properly classifiable under the same paragraph as decorated or ornamented chinaware other than tableware, consist of chinaware cups and saucers which are not, in fact, chiefly used as tableware, but are chiefly used as souvenir articles, and which do not contain 25 per centum or more of calcined bone.

That the protests are limited to the items marked with the letter "S", as aforesaid, and to the claim that such articles are properly classifiable as decorated or ornamented chinaware other than tableware, under paragraph 212, Tariff Act of 1930, or as modified, and abandoned as to all other items and all other claims, and that the protests be deemed submitted on this stipulation.

Accepting this stipulation as a statement of facts, we hold that the cups and saucers represented by the items marked with the letter "S" and with the initials of the commodity specialist on the invoice covered by the entry in this protest, are dutiable as decorated chinaware, other than tableware, not containing 25 per centum or more of calcined bone, under paragraph 212 of the Tariff Act of 1930, as modified, at the rate in effect on the date when the cups and saucers were entered, or withdrawn from warehouse, for consumption.

To the extent indicated, the protest is sustained. As to all other claims and all other merchandise, the protest is dismissed.

Judgment will be entered accordingly.